## Case No. 14,851.

### UNITED STATES v. COOK.

[2 Mason, 22.] 1

Circuit Court, D. Massachusetts. May Term, 1819.

#### APPEAL—RECORD—ISSUES OF FACT—NUL TIEL RECORD.

1. Where the issue in the district court is nul tiel record, and the court below adjudge, that the plaintiff has not produced the record, there can be no reversal of that judgment, unless the record, if any is produced, is contained in the record brought up on the writ of error to the circuit court.

2. The issue of nul tiel record is an issue of fact, and as such, no writ of error lies from the judgment of the district court, on that fact. to the circuit court, under the judiciary act of September 24, 1789, c. 20, § 22 [1 Stat. 84].

Error from the judgment of the district court of the United States for the district of Massachusetts. This was an action of debt on bond at common law, commenced before the said district court at the September term, 1817. The bond bore date on the 21st of February, 1815, and was given by the defendants as claimants of a certain brigantine called the Voader, for the agreed value of the same, she being then under a libel at the aforesaid district court, as subject to forfeiture, for the causes set forth in said libel, and the bond was given on the delivery of the vessel to the claimants, upon their petition, in pursuance of the provisions contained in the eighty-ninth section of the act of March 2, 1799 [1 Stat. 627], for "regulating the collection of duties on imports and tonnage." The defendants filed their plea, in bar, setting forth, among other things, as grounds of objection against the demand of the United States, the following facts and circumstances relative to the proceedings under the libel against the Voader. That while said libel was pending, it was agreed between the seizing officer and claimants, that the vessel should be estimated at the value of $1,600; and that a bond should be given for this sum under the before-mentioned section of the act of congress, with condition to abide the final decision of the court upon the libel aforesaid, etc., in common form; said bond being lodged with the proper officer of said court, in the nature of a stipulation, in pursuance of the provisions of the statute herein before referred to. That said libel or information was continued in said court from term to term, until the term thereof holden at Boston on the 12th September, 1815, whence it was no further continued, nor further proceed-

1 [Reported by William P. Mason, Esq.]

ings had thereon in said court; that afterwards, to wit, at a term of said court, holden in June, 1816, the United States by their attorney, moved the said court in writing, for judgment on said bond, for the aforesaid agreed value of said vessel, and for costs. Whereupon the claimants, in answering said motion. and shewing cause, why the same should not be granted, did set forth in substance as follows, viz.: That after the exhibition of said libel or information and claim. and after giving the bond aforesaid, they preferred to the district judge their petition for a summary hearing of the case, to the end that the forfeiture alleged might be remitted by the secretary of the treasury, in pursuance of the statute in such case provided; that a statement of the facts was accordingly afterwards transmitted by the district judge in due form to the secretary of the treasury. And that, on the 11th September, 1815, the said secretary did decide to remit said forfeiture in pursuance of the authority vested in him in such cases, on certain conditions, which were duly complied with by the claimants. That the remittitur was returned in due form, and filed in said district court, and that thereupon the said remission was, by order of said court, entered on the record, and that the said libel was thereafter no further continued in court, nor any further proceedings had thereon. All which the said claimants declared by their said plea or answer, that they were ready to verify, and prayed judgment of the motion of said attorney of the United States, etc.

The replication of the United States attorney to the foregoing plea, was, in substance, as follows, viz.: That before the presentment of the aforesaid petition for a remission of the forfeiture, or any decision thereupon, to wit, at the term of said district court, holden in March, 1815, a final judgment and decree of said court was duly rendered against said vessel and appurtenances as having been forfeited for the causes alleged in the libel, as would appear by the record thereof, and that the same decree was then in full force, etc. Wherefore the said attorney prayed for judgment on the bond, etc., with profert of the record.

The rejoinder of the claimants was, in substance, that before and until the remittitur of the secretary of the treasury was produced and exhibited in said court, and before and until it was entered on the record thereof, the said information or libel, and the claim of the defendants consequent thereon. were continued in said court from term to term, and at the time of said exhibition. and of the said entry were pending in said court; the rejoinder, concluding with a traverse of the fact. of there being any such record of a final judgment or decree, as that set forth in the replication.

Upon this plea of nul tiel record, the issue

was joined by the United States attorney, in common form; and thereupon the said motion and proceedings were continued to the then next December term of said district court; when and where the said court did render an order or decree in the cause, in the following words, viz.: "After a full hearing of the cause upon the allegation and proofs, and the arguments of counsel, and due consideration thereof, it is ordered and decreed, that the said motion of the district attorney, for judgment on the bond for the agreed value of the said brigantine Voader be overruled." That thereupon the attorney of the United States claimed and entered an appeal from said judgment or decree to the circuit court then next to be holden in said district; at which said last mentioned court. and by the consideration of the same, the said appeal was dismissed as irregular and void. for want of lawful authority in said court to sustain the same. All which facts and circumstances were fully set forth in the defendants' first plea, to the action on the bond, at the district court. concluding with the usual averments as to identity of party, etc.

To this first plea of the defendants, there was a general demurrer on the part of the United States, and joinder by defendants.

2. The second plea in bar of defendants in this action on the bond, at the district court. was this, in substance, viz.: That before the making of the "writing obligatory, set forth in the writ, the said brigantine Voader had become forfeited to the United States, as set forth in the libel referred to in the first plea, and mentioned in the condition of the bond;" and that always from the time of executing said writing obligatory, the said Nathan Cook did "abide by the decision of the proper court of the United States, touching the said seizure." And after the executing the said writing obligatory, to wit, on the 11th September, 1815, the forfeiture of said brigantine was, upon the petition of the claimants, duly remitted by the secretary of the treasury, in conformity with the statute, etc., upon the payment of costs, etc.; which were duly paid to clerk, etc. Concluding with the parati sunt verificare, in the usual form.

The replication of the United States attorney to this second plea of defendants, was substantially this, viz.: That the said Nathan Cook did not abide by the decision of the proper court of the United States touching the said seizure; but that long before the said 11th September, 1815, when the said forfeiture mentioned in the plea is alleged to have been remitted by the secretary of the treasury, to wit, at a term of said district court, holden in March, 1815, a final judgment and decree of said court, upon said libel, was duly rendered against the said vessel and appurtenances; that the same had become forfeited, prout patet per recordum; and that the said judgment, or

decree, was then remaining in full force, etc.

The defendants' rejoinder to this replication, was, "that before, and until the forfeiture of said vessel was remitted by the secretary, and until it was entered on the record of the said court that said forfeiture had been remitted as aforesaid." the said libel, and the claim of said Nathan consequent thereupon, were continued in said court from term to term, and at the time of the said remission, and entry thereof, were pending in said court; concluding with a denial of there being any such record of final judgment or decree, as that referred to in the replication; and with a verification in common form.

Surrejoinder of the United States, affirming the existence of such a record, with profert thereof, in common form; and upon this the defendants joined issue.

Upon these pleadings, the judgment of the district court was rendered in the following terms, to wit: ·

"And now all, and singular, the premises being seen, and by the court here fully understood, for that it seems to said court, that the plea aforesaid of the said defendants, by them first above pleaded in bar, is good and sufficient in law to bar, and preclude the said United States from having and maintaining their said action against them the said defendants; and for that the said United States have failed to produce the said record of a final judgment or decree, by them above in pleading alleged; therefore it is considered, that the said United States take nothing by their said writ," etc. [Case unreported.]

Mr. Blake, for the United States.
Gallison & Prescott, for defendants.

STORY, Circuit Justice. The only error now assigned at the bar is, that on the issue of nul tiel record the court below ought to have rendered a judgment, that the plaintiffs had perfected the record. There are two objections to this court's entertaining any question on this subject, which are equally fatal to the plaintiffs. In the first place, the judgment of the court below is that the plaintiffs failed to produce the record; and as no record was there produced, and none is contained in the transcript before this court, it is impossible for me to perceive that there was any error in the judgment in this point. If there had been a record produced, which the district court judicially held not to be the record pleaded, the error if any, in its judgment, could not be made apparent here, but by showing it on the record, in a bill of exceptions, or in some other regular manner. In the next place, the issue of nul tiel record was an issue of fact, although it was triable by the court; and the judicial act of 1789 (chapter 20, § 22), declares, that there shall be no reversal upon a writ of error upon the judg-

ment of the district court for any error of fact. Upon both grounds, therefore, the judgment must be affirmed.